UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE HERRERA and LUPE HERRERA, | No. 1:15-cv-01882-TLN-SAB |
| Plaintiffs, | |
| v. | **ORDER** |
| CALIFORNIA HIGHWAY PATROL, | |
| Defendant. | |

This is a lawsuit seeking the return of $90,000 in cash that was seized during a traffic stop. The matter is before the Court on Defendant California Highway Patrol's ("CHP" or "Defendant") motion to dismiss. (ECF No. 13.) Plaintiffs Pete Herrera ("Pete") and Lupe Herrera (collectively "Plaintiffs") concede that Defendant's motion should be granted, but seek leave to amend their complaint to add a new defendant. (Defs.' Opp'n to Pl.'s Mot. to Dismiss, ECF No. 19 at 3:2–19.) For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiffs' informal request for leave to amend is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege that an unnamed CHP Officer, who turned out to be Officer Joel Platt ("Platt"), stopped Pete's car while Pete was driving on Highway 99. (Compl., ECF No. 2 Ex. A, at ¶¶ 6–7.) Platt asked Pete for consent to search the car, and Pete agreed. (ECF No. 2 Ex. A, at ¶ 7.) Platt discovered $90,000 in cash in the car, which he seized. (ECF No. 2 Ex. A, at ¶¶ 7–8.)

Plaintiffs initially filed this lawsuit in state court against CHP and Does 1 to 100 seeking a declaratory judgment that they are the rightful owners of the seized money.  (ECF No. 2 Ex. A, at ¶¶ 12–15.)  Plaintiffs later amended their complaint to add a claim under 42 U.S.C. § 1983 for "Deprivation of Property Without Due Process of Law."  (ECF No. 2 Ex. A, at ¶¶ 16–21.)  Defendant removed the case to federal court.  (ECF No. 2.)  The parties stipulated to an amended complaint that contained only Plaintiffs' claim under § 1983.  (ECF No. 12.)  Defendant now moves to dismiss.  (ECF No. 13.)

**II.  DISCUSSION**

A. <u>Motion to Dismiss</u>

Defendant's motion to dismiss is straightforward and essentially unopposed.  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the plaintiff fails "to state a claim upon which relief can be granted."  That is the case here.  Section 1983 provides in relevant part that "[e]very person who, under color of [state law] . . .subjects [any citizen or resident] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  But CHP is not a "person"—it is an arm of the state that may not be sued under § 1983.  *See Pittman v. Or., Emp't Dep't*, 509 F.3d 1065, 1072–73 (9th Cir. 2007) (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58 (1989)).  Plaintiffs concede the point.  (ECF No. 19 at 3:3–5.)  Accordingly, Defendant's motion to dismiss is GRANTED.

B. <u>Informal Request to Amend</u>

To salvage their case, Plaintiffs seek to replace Defendant with Platt.  (ECF No. 19 at 3:13–19.)  According to Plaintiffs, their misstep "can be corrected by allowing . . . Plaintiffs to substitute into the litigation [Platt] as Doe 1."  (ECF No. 19 at 3:14–16.)  Alternatively, Plaintiffs seek leave to amend their complaint.  (ECF No. 19 at 3:16–18.)

There is no practical difference between Plaintiffs' alternative requests.  Rule 15 of the Federal Rules of Civil Procedure governs requests to substitute a Doe defendant just as it governs all other requests to amend a complaint.  *Butler v. Robar Enters., Inc.*, 208 F.R.D. 621, 622 n.1 (C.D. Cal. 2002) (citing *Merritt v. Cty. of L.A.*, 875 F.2d 765, 768 (9th Cir. 1989)).  *See also*

1  *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) (applying Rule 15 when
2  evaluating the substitution of a Doe defendant).

3        Under Rule 15, leave to amend is given freely.  The Ninth Circuit has instructed that "a
4  district court should grant leave to amend even if no request to amend the pleading was made,
5  unless it determines that the pleading could not possibly be cured by the allegation of other facts."
6  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Here, Plaintiffs cannot allege any facts that
7  will bring CHP within the ambit of § 1983.  Plaintiffs fail to state a claim because they have sued
8  an entity to whom § 1983 does not apply.  *See Pittman*, 509 F.3d at 1072–73.

9        By requesting leave to amend, Plaintiffs effectively seek to swap one civil action for
10 another, turning *Herrera v. CHP* into *Herrera v. Platt*.  (ECF No. 19 at 3:13–19.)  But Plaintiffs'
11 request is not properly made.  Rule 7(b) of the Federal Rules of Civil Procedure provides that "[a]
12 request for a court order must be made by motion."  Plaintiffs have not made a motion for leave
13 to amend.  They have simply requested leave in an opposition brief.  (ECF No. 19 at 3:3–19.)
14 Plaintiffs have also overlooked Local Rule 137(c), which provides: "If filing a document requires
15 leave of court, such as an amended complaint after the time to amend as a matter of course has
16 expired, counsel shall attach the document proposed to be filed as an exhibit to [the] moving
17 papers seeking such leave[.]"  When a party fails to comply with Local Rule 137(c), the party's
18 request should be denied.  *See B.O.L.T. v. City of Rancho Cordova*, No. 2:14-CV-01588-GEB-
19 DAD, 2014 WL 6895944, at *5–6 (E.D. Cal. Dec. 8, 2014).  Here, Plaintiffs did not file a
20 proposed amended complaint naming Platt as a defendant.  (*See* ECF No. 19.)  Plaintiffs cannot
21 transubstantiate this lawsuit from one against CHP to one against Platt in such a haphazard
22 fashion.  Accordingly, Plaintiffs' informal request for leave to amend is DENIED.

23     **III.**    **CONCLUSION**

24       For the foregoing reasons, the following is hereby ORDERED:

25       1. Defendant's motion to dismiss (ECF No. 13) is GRANTED.

26       2. Plaintiffs' informal request for leave to amend is DENIED.

27       3. Plaintiffs may file a formal motion for leave to amend within fourteen (14) days of the
28           date this Order is filed.  If Plaintiffs do not timely file their motion, the case will be

1 dismissed with prejudice without further action by the Court.

IT IS SO ORDERED.

Dated: February 13, 2017

Troy L. Nunley
United States District Judge