UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE HERRERA and LUPE HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL,<br><br>Defendant. | No. 1:15-cv-01882-TLN-SAB<br><br>**ORDER** |

Plaintiffs Pete Herrera ("Pete") and Lupe Herrera (collectively "the Herreras") seek the return of $90,000 in cash that was seized during a traffic stop. The matter is before the Court on the Herreras' Motion for Leave to File a Second Amended Complaint. (ECF No. 26.) Defendant California Highway Patrol ("CHP") opposes the motion. (ECF No. 28.) For the reasons set forth below, the Herreras' motion is DENIED and the case is DISMISSED with prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Herreras allege that an unnamed CHP Officer, who turned out to be Officer Joel Platt ("Platt"), stopped Pete's car while Pete was driving on Highway 99. (Compl., ECF No. 2 Ex. A, at ¶¶ 6–7.) Platt evidently stopped Pete's car at the behest of Drug Enforcement Agency ("DEA") agents, although the complaint is silent on this point. (Rashid Decl., ECF No. 13-2 at ¶ 4(a).) Platt asked Pete for consent to search the car, but the complaint does not specify whether Pete consented to the search. (ECF No. 2 Ex. A, at ¶ 7.) Platt discovered $90,000 in cash in the

1

car, which he seized. (ECF No. 2 Ex. A, at ¶¶ 7–8.) The money is currently the subject of criminal forfeiture proceedings in the Fresno division of this district. (ECF No. 13-2 at ¶ 4.)

The Herreras filed this lawsuit against CHP in state court seeking a declaratory judgment that they are the rightful owners of the seized money. (ECF No. 2 Ex. A, at ¶¶ 12–15.) A year later, they filed a first amended complaint (FAC"), adding a claim under 42 U.S.C. § 1983 for "Deprivation of Property Without Due Process of Law." (ECF No. 2 Ex. A, at ¶¶ 16–21.) CHP removed the case to federal court. (ECF No. 2.) The parties stipulated to a further amendment of the FAC that removed the Herreras' claim seeking a declaratory judgment and left only their § 1983 claim. (Stip. and Order, ECF No. 12.)

A few days later, CHP moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot., ECF No. 13.) CHP argued it was not amenable to suit under § 1983 because it is an arm of the state, not a "person." (ECF No. 13-1 at 5 (citing *Pittman v. Or. Emp't Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007).) The Herreras conceded the point, but sought leave in their opposition brief to amend their complaint once more, naming Platt as a defendant so the case could proceed. (Opp'n, ECF No. 19 at 3.) The Court granted CHP's motion to dismiss and denied the Herreras' informal request for leave to amend, but allowed the Herreras fourteen days to file a formal motion requesting leave to amend. (Order, ECF No. 25 at 2–4.)

The Herreras timely filed the instant motion seeking to add Platt and CHP Officer Jarrod Banta ("Banta") as defendants. (ECF No. 26.) Pursuant to Local Rule 137(c), the Herreras attached their proposed second amended complaint ("SAC") to their motion. (ECF No. 26-1 at 5–10.)

**II. DISCUSSION**

Motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Nevertheless, the Court retains discretion to grant or deny a motion for leave to amend. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). The Court considers

five factors when assessing the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiffs have previously amended their complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court "need not apply all five factors" when two factors sufficiently persuade the Court to deny the motion—as they do here. *Id.* Those factors are undue delay and previous amendment.

A. Undue Delay

Although delay by itself is not a valid reason to deny a motion for leave to amend, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), it is an appropriate factor for the Court to consider, *Allen*, 911 F.3d at 373. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has held "that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)).

Here, the Herreras' proposed amendment comes too late and with no explanation. They filed this lawsuit on November 10, 2014 and filed the FAC a year later on November 13, 2015. (ECF No. 2 at 2.) They first sought leave to amend to add Platt as a defendant on May 19, 2016, in their opposition to CHP's motion to dismiss. (ECF No. 19 at 3.) They filed the instant motion seeking to add Platt and Banta as defendants on February 27, 2017. (ECF No. 26.) Thus, nearly sixth months elapsed between the date the Herreras filed the FAC and the date they first broached the subject of adding Platt as a defendant. And roughly fifteen months elapsed between the date the Herreras filed the FAC and the date they properly sought leave to amend. Yet the Herreras were aware of Platt and Banta's involvement in the case at least as early as the filing of the FAC. Indeed, Banta is identified by name in the FAC, and both Platt and Banta are identified by name in the Evidence Receipt that Platt gave Pete after the seizure, which is attached as an exhibit to the FAC. (ECF No. 2 Ex. A.) In short, the Herreras "knew . . . the facts and theories raised by the amendment" at the time of their first amended complaint. *Jackson*, 902 F.2d at 1388.

3

B. Previous Amendment

Along the same lines, the fact that the Herreras have previously amended their complaint without attempting to add Platt and Banta also militates against granting their motion for leave to amend. The Ninth Circuit has held that a district court has discretion to deny a motion to amend a complaint "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally." *Allen*, 911 F.2d at 374 (quotation omitted). That is the case here. The factual allegations of the SAC are virtually identical to those in the FAC. The only relevant difference is that the SAC identifies Platt by name, whereas the FAC refers to him as "a California Highway Patrol Officer" and includes his name only on the attached Evidence Receipt. (*Compare* ECF No. 2 Ex. A at ¶ 7 *with* ECF No. 26-1 Ex. A at ¶ 7.) In short, the Herreras present no new facts, only new theories— theories they were aware of at the time the FAC was filed.

### III. CONCLUSION

The Herreras do not explain why they only now seek leave to add Platt and Banta as defendants. They were aware at the time they filed the FAC that Platt and Banta were the individuals they now seek to sue. The only inference supported by the record is that the Herreras are trying to salvage a mismanaged case by converting *Herrera v. CHP* into a different lawsuit against entirely different defendants. That goal renders this case unlike the mine-run lawsuits in which leave should be freely granted under Rule 15(a).

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Herreras' motion for leave to file a second amended complaint (ECF No. 26) is DENIED.
2. In light of this order, and in conjunction with the Court's prior order granting CHP's motion to dismiss (ECF No. 25), this case is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: May 9, 2017

Troy L. Nunley
United States District Judge

4